IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald J. Stutler,  ) | No. CV 16-023 TUC JAS (LAB) |
| ) | |
| Plaintiff,  ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs.  ) | |
| ) | |
| Sonya R. Book,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |
| _____ ) | |

On January 26, 2016, the court issued an order to show cause why this action should not be dismissed for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3). (Doc. 8)

The plaintiff, Donald J. Stutler, filed a response on February 8, 2016. (Doc. 9)  His response does not directly address the court's concerns.  Instead, it reads as if it were a proposed amended complaint.  The court finds this "proposed amended complaint," like the original complaint, fails to contain "a short and plain statement of the grounds for the court's jurisdiction" pursuant to Fed.R.Civ.P. 8(a)(1).  And that is because this court does not have subject-matter jurisdiction over this action.  Accordingly, the Magistrate Judge recommends that the District Court dismiss this action pursuant to Fed.R.Civ.P. 12(h)(3).

Discussion

1      "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). That is why a plaintiff seeking a forum in U.S. District Court must first establish that the court has subject-matter jurisdiction over his cause of action. *Id*. The court presumes it lacks jurisdiction unless proven otherwise. *Id*.

Ordinarily, federal district courts have original jurisdiction over a case only if it involves a federal question or there is diversity jurisdiction. 28 U.S.C. §§1331, 1332(a). A case involves a federal question if the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction occurs where "the matter in controversy exceeds the sum or value of $75,000 " and the parties have diverse citizenship. 28 U.S.C. §1332. The pending action alleges neither a federal question nor diversity jurisdiction.

In his response to the order to show cause, Stutler explains that he and the defendant, Sonya R. Book, opened and operated a business called Bunz in the Oven, LLC. (Doc. 9, p. 3) The two of them subsequently had a falling out, and according to Stutler, Book stole assets from their jointly held business. *Id*. Stutler separates his action into three counts: (1) breach of fiduciary duties, (2) breach of contract and bad faith, and (3) constructive fraud. (Doc. 9)

These counts are all based on state law. None of them involve a question of federal law. Accordingly, there is no federal question jurisdiction here. *See* 28 U.S.C. §1331.

Stutler alleges damages in excess of $250,000, which is a prerequisite for diversity jurisdiction. *See* 28 U.S.C. §1332. Stutler does not, however, allege that he and the defendant are of diverse citizenship. In fact, he states that both parties are residents of Pima County, Arizona and citizens of the United States. (Doc. 9, p. 1) The court noted in its order to show cause that residency does not *always* determine citizenship. But Stutler has alleged no facts leading this court to believe that we have one of those unusual situations here. The court concludes there is no diversity jurisdiction. *See* 28 U.S.C. §1332.

In his jurisdictional paragraph, Stutler asserts this court has jurisdiction pursuant to

- 2 -

1  Fed.R.Civ.P. 82 and Arizona Revised Statutes § 12-123 and § 12-401. (Doc. 9, p. 1) He is
2  incorrect.

3  Rule 82 simply explains that the Federal Rules of Civil Procedure are not an
4  independent source of subject-matter jurisdiction. Fed.R.Civ.P. A.R.S. §12-123 gives the
5  state superior court original jurisdiction over actions authorized by the Arizona Constitution.
6  A.R.S. §12-401 explains when venue in a particular superior court is proper. None of these
7  statutes gives this court subject-matter jurisdiction over this action. Stutler's jurisdictional
8  paragraph fails to allege subject-matter jurisdiction in accordance with Fed.R.Civ.P. 8(a)(1).
9  *See, e.g.,* Fed.R.Civ.P. Form 7. And that is because this court does not have subject-matter
10 jurisdiction over this action.

12 RECOMMENDATION:
13 The Magistrate Judge recommends that the District Court, after its independent review
14 of the record, enter an order
15 DISMISSING this action for lack of federal subject-matter jurisdiction pursuant to
16 Fed.R.Civ.P. 12(h)(3).
17 Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within
18 14 days of being served with a copy of this report and recommendation. If objections are
19 not timely filed, the party's right to de novo review may be waived. The Local Rules permit
20 the filing of a response to an objection. They do not permit the filing of a reply to a response.
21 DATED this 16th day of February, 2016.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 3 -